UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF FLORIDA
Miami Division

Case Number: 13-21506-CIV-MORENO

ERIKA BOOM and BELLY & KICKS I, LLC,

    Plaintiff,

vs.

ROSEBANDITS, LLC, et al.,

    Defendant.
_____/

## ORDER DENYING DEFENDANTS' MOTION TO DISMISS

### I. Introduction

This is a case for breach of contract and infringement of both copyright and trademark. Plaintiff Erika Boom was the founding member of Defendant Rosebandits, LLC, a female-oriented bicycle club. Boom also owns Plaintiff Belly & Kicks I, LLC, which does business under its own name and under the name "Boom Cycling." Defendants Heather Mann and Duffy Danish are members of the Rosebandits and leaders in the organization.

Defendants have filed a Motion to Dismiss the Complaint. Concurrently with the Motion to Dismiss, Defendants also filed a Request that the Court take Judicial Notice of documents attached to the Motion to Dismiss. For reasons explained more fully below, the Court **DENIES** the Motion to Dismiss and the Request for Judicial Notice. Defendant has attached a string of emails, only one of which was mentioned in the Complaint. Indeed, Defendants did not even attach the Defendant Mann's response email. In light of these attachments, the Court views Defendants' Motion as a motion for summary judgment, not as a motion to dismiss. While the Court can consider documents

outside the pleadings when the documents are referred to in the Complaint and central the Plaintiff's claim, Defendants have gone too far in the documents they have attached to their motion. The motion to dismiss is converted to a motion for summary judgment. Defendants shall file an Answer no later than **November 22, 2013**.

## II. Factual and Procedural Background

According to the Complaint, Plaintiff Boom first conceived of the idea for the Rosebandits in August 2009, and began working around that time on growing the club. She also came up with the name and developed a logo, which featured a skull with long eyelashes holding a rose in its teeth, with the word "Rosebandits" written in a cursive font below. On September 15, 2010, when Plaintiff Boom was roughly 8 months pregnant, she sent an email to other Rosebandits members, including Defendants Mann and Danish. In that email, she informed them that, due to the impending birth of her child, she would have less time to devote to the jobs she did for the club, which she said included website management, accounting, sponsorship, and the establishment of a legal entity. According to the complaint, Defendant Mann responded to the email on September 17, 2010, stating that other members would try to pick up the slack. Both emails are explicitly referenced in the Complaint.

From fall 2010 through much of 2012, Boom supported the Rosebandits, though at less active level than before her pregnancy. On February 22, 2011 Rosebandits, LLC filed for a trademark registration that was substantially similar to the logo Boom had developed. The U.S. Patent and Trademark Office issued Rosebandits, LLC a trademark on September 13, 2011. Boom Cycling sponsored the Rosebandits each season, and entered into a one-year sponsorship contract on May 1, 2012. Boom stated that she "allowed" the club to continue using her mark and name. As part of that sponsorship, Boom Cycling allowed the club to use five Boom Cycling bicycles during the season

and purchase them for a reduced price at the conclusion of the season. On May 22, 2012, the United States Copyright Office issued a registration to Boom for her original mark. In January 2013, Boom corresponded via email with Defendants to negotiate a sponsorship contract for 2013. On January 10, 2013, Boom received an email from Defendant Mann that led her to believe that they were close to renewing their deal. However, on January 15, 2013, Defendant Mann called Boom's husband to inform them that the Rosebandits would go with a different bicycle sponsor for 2013. Plaintiffs allege that Defendants allowed the new bicycle sponsor to begin advertising its sponsorship prior to the conclusion of Boom's exclusive sponsorship. Before the end of the sponsorship period, the Rosebandits ceased riding on the frames that Boom Cycling had provided under the sponsorship agreement.

On April 29, 2013, Plaintiffs brought their four-count complaint seeking remedies for breach of contract against Rosebandits, LLC, direct copyright infringement against all defendants, and two counts of trademark infringement, based upon the logo and name, respectively, against all defendants. Plaintiffs attached the copyright registration and the sponsorship contracts as exhibits to the Complaint. On June 10, 2013, Defendants filed their Motion to Dismiss the Complaint and Request for Judicial Notice. Defendants' Motion for Judicial notice seeks that the Court take judicial notice of six pages of emails including Plaintiff Boom's September 15, 2010 email and other emails purportedly coming from that same chain. Notably, the emails Defendants have attached do not include Defendant Mann's September 17, 2010 reply email. The Defendants also ask the Court to take judicial notice of Rosebandits, LLC's articles of organization, trademark registration, and servicemark registration.

## III. Analysis

The Court has the discretion to accept or exclude the documents outside of the pleadings.

*Property Mgmt. & Inv.'s, Inc. V. Lewis*, 752 F.2d 699, 604 (11th Cir. 1985). When, on a 12(b)(6) motion to dismiss for failure to state a claim, "matters outside the pleadings are presented to and not excluded by the court, the motion must be treated as one for summary judgment under Rule 56." Fed. R. Civ. P. 12(d); *Day v. Taylor*, 400 F.3d 1272, 1275-76 (11th Cir. 2005). The 11th Circuit has recognized an exception where "a court may consider a document attached to a motion to dismiss without converting the motion into one for summary judgment if the attached document is (1) central to the plaintiff's claims and (2) undisputed." *Id.* at 1276; *Horsley v. Feldt*, 304 F.3d 1125, 1134 (11th Cir. 2002). The term "undisputed" means "that the authenticity of the document is not challenged." *Id.* The 11th Circuit has not announced a black-letter rule for determining whether a document is "central" to the plaintiff's case; instead courts have focused on a fact-based analysis. *See Weiss v. 2100 Condo. Ass'n, Inc. @ Sloan's Curve*, 2012 WL 8751122 at *1 (S.D. Fla. Oct. 17, 2012) (Ryskamp, J.). Some factors courts have focused on include whether the claims depend on the documents, whether the complaint alleges the contents of the documents, or whether the documents are a necessary part of plaintiff's effort at making his claim." *Id.*

In the case at bar, Plaintiffs referred to two emails in the complaint: (1) Plaintiff Boom's September 15, 2010 email to members of Rosebandits, and (2) Defendant Mann's response email. In response, Defendants attached a series of emails. Interestingly, Mann's response email to Boom is not among the emails. Further, Plaintiff's email is not, strictly speaking, attached as its own email. Rather, it is fully quoted at the bottom of an email an Veronica Menin, a Rosebandits member unrelated to this action, sent in response to Plaintiff Boom's September 15, 2010 email. The content of the emails range from contextually benign to squarely relevant to the case at bar. For example, at one end of the spectrum, there are a handful of emails attempting to arrange an outing to celebrate the group's September birthdays. On the other end, there are emails from Defendant Mann to Jennifer

Jorge, a member of the group and an attorney, addressing the costs and legal requirements of setting the Rosebandits up as a 501(c)(3) nonprofit. Plaintiff Boom was not even copied on these latter emails.

It is difficult to argue that these emails are "central" to Plaintiffs' claims. It appears that Defendants are attempting to persuade the court that these latter emails are "central" to Plaintiff's claims because Plaintiff refers to her own email's disclaimer that someone else would need to take over the task of establishing Rosebandits as a legal entity, and Defendant Mann took the initiative and did that. Defendants are not permitted to daisy-chain documents into the pleadings in this fashion. Undoubtedly, Plaintiff Boom's email is central to her claim. Nevertheless, the documents in the email chain that the Defendants ask this Court to judicially notice are not. Plaintiff's claims do not depend on the documents; the complaint does not allege from the content of all, or even most, of the emails; and far from being necessary to the claims, some of the emails are not even relevant. Indeed, Plaintiff was not even in possession of some of the most relevant emails in the chain. Thus, the Court finds that the "correspondence taken together is broader than the claims alleged." *See Weiss v. 2100 Condo. Ass'n, Inc. @ Sloan's Curve*, 2012 WL 8751122 at *2.

Although the Court has discretion to exclude the documents and look only at the pleadings when ruling on the motion to dismiss, the better approach is to accept the documents and convert the motion to dismiss into a motion for summary judgment. Simply put, these documents cannot be unread. Reliance on the documents permeates the motion to dismiss, and the documents are the source material for the first chapters of Defendants' narrative of the case. Further, it is virtually impossible for the Court to separate Mann's emails and the adjudicative fact that, five days later, Mann organized Rosebandits as an LLC from Defendant's contention that Plaintiff Boom was "a" founding member of Rosebandits and not "the" founding member as Plaintiff alleges in the

Complaint. Resolving the issue of whether Plaintiff Boom founded Rosebandits on her own or as a group may potentially serve as a critical fact to the outcome of this case. Thus, documents that tend to support Defendants' side of the factual dispute should not be considered in a motion to dismiss for failure to state a claim. In short, the email chain presents part, but not all, of the picture, and the interests of justice are better served by waiting until the picture is completed. *See OfficeMax Inc. v. County Qwik Print, Inc.*, 802 F.Supp.2d 271, 278 (D. Me. 2011).

Regarding the additional documents attached to the motion to dismiss, courts may judicially notice matters of public record without converting a 12(b)(6) motion to dismiss into a motion for summary judgment under Rule 56. *Halmos v. Bomardier Aerospace Corp.*, 404 Fed.Appx. 376, 377 (11th Cir. 2010); *See Bryant v. Avado Brands, Inc.*, 187 F.3d 1271, 1278 (11th Cir. 1999). While the Court may judicially notice matters of public record, it may not draw inferences from them at the motion to dismiss stage. *Stratford Holding, LLC v. Fog Cap Retail Investors, LLC*, 516 Fed.Appx. 874 at *1 (11th Cir. April 16, 2013). The other documents attached to Defendants' Motion to Dismiss the Complaint are (1) Rosebandits' Articles of Organization filed by Heather Mann on September 19, 2010, (2) Rosebandits June 28, 2011 trademark filing, and (3) Rosebandits service mark registration.

Mann filed the Articles of Incorporation a mere four days after Boom sent her email stating that she was scaling back her work for Rosebandits. For the court to take judicial notice of the filing while drawing no inferences that the filing date supports Defendants' theories that Plaintiff Boom was not "the" founder but just "a" member of the group from the beginning would require a suspension of disbelief not normally associated with legal proceedings. For these reasons, the Court declines to take judicial notice at this time.

Thus, the Court finds that the best course of action is to convert the motion to dismiss into

a motion for summary judgment, permit the parties to engage in discovery and complete the record, and allow the parties to amend their motions for summary judgment at the conclusion of discovery. As a result, the Court does not reach the merits of Defendant's arguments that the trademark, copyright, and breach of contract claims should be dismissed at this time.

**IV. Conclusion**

THIS CAUSE came before the Court upon Defendant's Motion to Dismiss (**D.E. No. 18**), filed on **June 10, 2013**.

THE COURT has considered the motion, response, and the pertinent portions of the record, and being otherwise fully advised in the premises, it is

**ADJUDGED** that the motion is DENIED. The Defendants' Request for Judicial Notice is likewise DENIED. Defendants shall file an Answer no later than **November 22, 2013**. The Defendants may re-file their motion for summary judgment at the conclusion of discovery.

DONE AND ORDERED in Chambers at Miami, Florida, this 5 day of November, 2013.

FEDERICO A. MORENO
UNITED STATES DISTRICT JUDGE

Copies provided to:

Counsel of Record